UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------X

NANCY WILSON, Regional Director
of the Sixth Region of the
National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

        Plaintiff

    v.                                 Civil Number

CHECKLIST CLEANING, LLC, d/b/a
CHECKLIST FACILITY MAINTENANCE

        Defendant

-----------------------------------------------------------X

**COMPLAINT FOR TEMPORARY INJUNCTION
UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**

To the Honorable Judges of the United States District Court for the Western District of Pennsylvania,

COMES NOW Nancy Wilson, Regional Director for the Sixth Region of the National Labor Relations Board ("the Board') and petitions this court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149, 73 Stat. 544; 29 U.S.C. § 160(j)] ("the Act"), for appropriate injunctive relief pending the final disposition of the matters involved herein pending a decision by the Board on charges alleging, inter alia, that the Defendant has engaged in, and is now engaging in, acts and conduct in violation of Section 8(a)(1), (2), (3) and (5) of the Act.

An administrative hearing is scheduled to commence in the above-mentioned matter on March 26, 2019 and will proceed on the record in the subsequent days that follow. In support of her complaint, the Plaintiff respectfully submits as follows:

1. The Plaintiff is the Regional Director for the Sixth Region of the Board, an agency of the United States, and files this Complaint for, and on behalf of, the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3. (a) On July 10, 2018, the Service Employees International Union, Local 32BJ ("the Union") pursuant to the provisions of the Act, filed a charge with the Board in Case 06-CA-223468, alleging that Checklist Cleaning, LLC, d/b/a Checklist Facility Maintenance ("the Defendant") has engaged, and is engaging, in unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the Act. A copy of this charge is attached hereto as Exhibit 1-A.

(b) On July 18, 2018, the Union, pursuant to the provisions of the Act, filed the first amended charge with the Board in Case 06-CA-223468. A copy of the first amended charge is attached hereto as Exhibit 1-B.

(c) On August 30, 2018, the Union, pursuant to the provisions of the Act, filed the second amended charge with the Board in Case 06-CA-223468. A copy of the second amended charge is attached hereto as Exhibit 1-C.

(d) On September 12, 2018, the Union, pursuant to the provisions of the Act, filed the third amended charge with the Board in Case 06-CA-223468. A copy of the third amended charge is attached hereto as Exhibit 1-D.

(e) On November 26, 2018, the Union, pursuant to the provisions of the Act, filed the fourth amended charge with the Board in Case 06-CA-223468. A copy of the fourth amended charge is attached hereto as Exhibit 1-E.

(f) On January 14, 2019, the Union, pursuant to the provisions of the Act, filed the fifth amended charge with the Board in Case 06-CA-223468. A copy of the fifth amended charge is attached hereto as Exhibit 1-F.

(g) On September 27, 2018, the Union, pursuant to the provisions of the Act, filed a charge with the Board in Case 06-CA-228118, alleging that the Defendant has engaged, and is engaging, in unfair labor practices within the meaning of Section 8(a)(1) and (2) of the Act.[1] A copy of this charge is attached hereto as Exhibit 1-G.

(h) On November 29, 2018, the Union, pursuant to the provisions of the Act, filed the first amended charge with the Board in Case 06-CA-228118. A copy of the first amended charge is attached hereto as Exhibit 1-H.

(i) On January 14, 2019, the Union, pursuant to the provisions of the Act, filed the second amended charge with the Board in Case 06-CA-228118. A copy of the second amended charge is attached hereto as Exhibit 1-I.

(j) On November 28, 2018, the Union, pursuant to the provisions of the Act, filed a charge with the Board in Case 06-CA-231859, alleging that the Defendant has engaged,

---

[1] The allegations contained in the charge filed in Board Case 06-CA-228118 which relate to violations of Section 8(a)(2) of the Act are not before the District Court in this matter.

and is engaging, in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.  A copy of this charge is attached hereto as Exhibit 1-J.

   (k) On December 19, 2018, the Union, pursuant to the provisions of the Act, filed the first amended charge with the Board in Case 06-CA-231859.  A copy of the first amended charge is attached hereto as Exhibit 1-K.

   (l) On January 14, 2019, the Union, pursuant to the provisions of the Act, filed the second amended charge with the Board in Case 06-CA-231859.  A copy of the first amended charge is attached hereto as Exhibit 1-L.

  4. The aforesaid charges were referred to the Plaintiff as Regional Director of the Sixth Region of the Board.

  5. (a) Following an investigation of the allegations in which the Defendant was given the opportunity to present evidence and legal argument, the Plaintiff , on behalf of the General Counsel of the Board, by the Plaintiff, on behalf of the Board, pursuant to Section 10(b) of the Act, issued in Board Cases 06-CA-223468, 06-228118, and 06-CA-231859 an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing on January 14, 2019 ("the Administrative Complaint"), alleging that the Defendant engaged, and is engaging, in unfair labor practices as charged within the meaning of Section 8(a)(1), (2), (3), and (5) of the Act. [2]  A copy of the Complaint is attached hereto as Exhibit 2-A.

   (b) On February 12, 2019, the Defendant, by its Counsel, filed an Answer to the Administrative Complaint. A copy of that Answer is attached hereto as Exhibit 2-B.

---

[2] The allegations contained in the Administrative Complaint which relate to violations of Section 8(a)(2) of the Act are not before the District Court in this matter.

(c) On February 21, 2019, the Plaintiff, on behalf of the General Counsel of the Board, by the Plaintiff, on behalf of the Board, pursuant to Section 10(b) of the Act, issued in Board Cases 06-CA-223468, 06-228118, and 06-CA-231859 an Amendment to the Administrative Complaint, alleging that the Defendant engaged, and is engaging, in unfair labor practices as charged within the meaning of Section 8(a)(1), (2), (3), and (5) of the Act.[3] A copy of the Amendment is attached hereto as Exhibit 2-C.

(d) The Defendant's Answer to the Amendment to the Administrative Complaint is due to be filed with the Plaintiff on March 7, 2019.

6. There is reasonable cause to believe that the allegations set forth in the Complaint and the Amendment to Complaint are true and that the Defendant has engaged, and is engaging, in unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, in the manner set forth below, and that injunctive relief as requested herein is appropriate, just and proper. In support thereof, and of the request for injunctive relief herein, the Plaintiff, upon information and belief, shows as follows:

(a) At all material times, the Defendant, a limited liability company with an office and place of business in Carnegie, Pennsylvania, has been engaged in providing cleaning services to various businesses located in western Pennsylvania.

(b) At all material times, Faros Property Management, LLC ("Faros") has been engaged in the management of residential and commercial properties located within the

---

[3] The allegations contained in the Amendment to the Administrative Complaint which relate to violations of Section 8(a)(2) of the Act are not before the District Court in this matter.

Commonwealth of Pennsylvania, including at a building complex located at 100 South Commons, Pittsburgh, Pennsylvania 15212 ("Nova Place"), and at locations outside the Commonwealth of Pennsylvania.

(c) About mid-May 2018, the Defendant acquired the contract to provide cleaning services to Faros at Nova Place, the effective dates of which are from July 2, 2018, to June 30, 2019.

(d) Immediately prior to the Defendant's assumption of its contract with Faros for its provision of cleaning services at Nova Place, The Huber Group ("Huber") held the contract for the provision of cleaning services to Faros at Nova Place.

(e) Since about July 2, 2018, the Defendant has continued to operate the business of Huber at Nova Place in basically unchanged form.

(f) But for the conduct described below in subparagraphs 6(s) and 6(t), the Defendant would have employed, as a majority of its employees, individuals who were previously employees of Huber.

(g) Based on the conduct described below in subparagraphs 6(q) and 6(r), and the operations described above in subparagraphs 6(a) through (f), the Defendant has continued the employing entity and is a successor to Huber.

(h) Annually, in conducting its business operations described above in subparagraph 6(a), the Defendant provides services valued in excess of $50,000 directly to Faros, which is itself engaged in interstate commerce by virtue of deriving annual gross revenues in

excess of $100,000 from its tenants located within the States of New York and Connecticut and the Commonwealths of Pennsylvania and Massachusetts, including Nova Place.

(i)  At all material times, the Defendant has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

(j)  At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(k)  At all material times, the International Union of Painters and Allied Trades Union, District Council 57 ("IUPAT") has been a labor organization within the meaning of Section 2(5) of the Act.

(l)  At all material times, Cori Bingham ("Bingham") has held the positions of the Defendant's owner and President and has been a supervisor of the Defendant within the meaning of Section 2(11) of the Act and an agent of the Defendant within the meaning of Section 2(13) of the Act.

(m)  The Defendant, by Bingham at Nova Place, in about July 2018, on dates unknown to the General Counsel but within the knowledge of the Defendant, threatened to fire its employees if they discussed their wage rates with others.

(n)  The Defendant, by Bingham at Nova Place, in about late June 2018, on a date unknown to the General Counsel, but within the knowledge of the Defendant, told employees that they were required to relinquish their membership in the Union in order to be employed by the Defendant.

(o) About July 2, 2018, the Defendant, by Bingham, at Nova Place, informed its employees that they were required to joint IUPAT as a condition of their employment with the Defendant at Nova Place.

(p) Since in about early June 2018, the Defendant was hiring, or had concrete plans to hire, approximately 16 employees, to perform cleaning services at Nova Place pursuant to the cleaning contract it had with Faros, which is described above in subparagraphs 6(c) through (g).

(q) About the dates set forth opposite their names, the Defendant refused to consider for hire, or hire, the following applicants for employment, each of whom was previously employed by Huber at Nova Place:

| **Name of Applicants** | **Date** |
| --- | --- |
| Donte Battles | June 29 and July 2, 2018 |
| Charese Carter | June 29 and July 3, 2018 |
| Tyree Edwards | June 29, 2018 |
| Derrick Gay | June 29, 2018 |
| Terrell Grey | June 29 and July 3, 2018 |
| Ernest Herring | June 29, 2018 |
| Mylon Johnson | June 29, 2018 |
| Dianna Jones-Casey | June 29 and July 3, 2018 |
| Anthony Luster | June 29, 2018 |
| Armando Navarro | June 29 and July 3, 2018 |
| Robert Oliver | June 29 and July 3, 2018 |
| Gary Pettus | June 29, 2018 |
| Leo White | June 29, 2018 |

       Tiani Wilson                June 29 and July 3, 2018

       Michael Woodryff        June 29, 2018

(r)       The Defendant engaged in the conduct described above in paragraph 6(q) because the named employees formed, joined and/or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in those activities.

(s)       The following employees of the Defendant ("the Unit") constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All cleaning employees employed at the Nova Place site, excluding supervisors as defined in the National Labor Relations Act.

(t)       From about June 15, 2017 to about June 29, 2018, the Union had been the exclusive collective-bargaining representative of the Unit employed by Huber, and during that time the Union had been recognized as such representative by Huber. This recognition had been embodied in a recognition agreement dated June 15, 2017, which incorporated the Pittsburgh Central Business District Collective-Bargaining Agreement, which is effective by its terms from November 1, 2015 to October 31, 2019.

(u)       From about June 15, 2017 until about June 29, 2018, based on Section 9(a) of the Act, the Union had been the exclusive collective-bargaining representative of the Unit employed by Huber.

(v)       At all material times, based on the facts described above in subparagraphs 6(c) through (g), the Union has been the designated exclusive collective-bargaining representative of the Unit employed by the Defendant.

(w) Since about July 2, 2018, the Defendant has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

(x) Since about July 2, 2018, the Defendant has changed the wage rates, benefits, hours of work, and other terms and conditions of employment of the Unit, which differ substantially from those which were in effect when the employees in the Unit were employed by Huber.

(y) The subjects set forth about in subparagraph 6(x) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(z) The Defendant engaged in the conduct described above in subparagraphs 6(x) and 6(y) without prior notice to the Union and without affording the Union an opportunity to bargain with the Defendant with respect to this conduct and the effects of this conduct.

(aa) By the conduct described above in subparagraphs 6(m) through 6(o), the Defendant has been interfering with, restraining, and coercing employees in the exercise of rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(bb) By the conduct described above in subparagraphs 6(q) and 6(r), the Defendant has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(cc) By the conduct described above in subparagraphs 6(v) through 6(z), the Defendant has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

(dd) The unfair labor practices of the Defendant described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

7. Upon information and belief, it may be fairly anticipated that, unless enjoined, the Defendant will continue to engage in the acts and conduct described above in paragraph 6, or similar or like acts and conduct, in violation of Sections 8(a)(1), (3), and (5) of the Act, and upon information and belief, unless the aforesaid unfair labor practices are immediately restrained, a serious flouting of the Act will continue, with the result that enforcement of important provisions of the Act and the public policy underlying the Act will be thwarted before the Defendant can be placed under legal restraint through the regular procedures of a Board Order and a Court of Appeals enforcement decree.

8. Upon information and belief, to avoid the serious results referred to above, it is essential, just and proper and appropriate, for the purposes of effectuating the policies of the Act and the public interest and avoiding substantial, irreparable and immediate injury to such policies and interest and, in accordance with the purpose of Section 10(j) of the Act, that pending final disposition of the matters involved pending before the Board, the Defendant be enjoined and restrained from the acts and conduct described above, similar acts and conduct, or repetitions thereof, and be ordered to take the affirmative action set forth below in paragraph 2.

9. No previous application has been made for the relief requested herein.

**WHEREFORE,** the Plaintiff requests:

1. That the Court issue an order directing the Defendant promptly to file an answer to the allegations of this complaint and to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining the Defendant, its officers, agents, representatives, servants, employees, attorneys, and all persons acting in concert or participation with them, pending the final disposition of the matters involved herein, pending before the Board, from:

   (a) Failing and refusing to hire and/or consider employees for hire, because of their activities on behalf of the Union and/or protected concerted activities and/or their prior membership in the Union, in order to avoid a bargaining obligation with the Union;

   (b) Failing and refusing to recognize and bargain with the Union as the exclusive collective-bargaining representative of its employees in a bargaining unit comprised of "all cleaning employees working at Nova Place, formerly Allegheny Center, located in Pittsburgh, PA, excluding supervisors as defined in the National Labor Relations Act

   (c) Unilaterally, without notice to, and bargaining with, the Union, making changes in employees' terms and conditions and employment;

   (d) Conditioning the employment of Union-represented employees on their relinquishing their membership with the Union and joining IUPAT;

   (e) Threatening employees with termination if they discuss their wage rates with others; and

   (f) In any other manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act.

2. That the Court issue an affirmative order directing the Defendant to:

(a) Recognize and, upon request, bargain in good faith with the Union as its employees' exclusive collective-bargaining representative in the above-described unit concerning their wages, hours, and other terms and conditions of employment;

(b) Within five days of the District Court's Order, rescind its unlawfully promulgated oral rule precluding employees from discussing their wages;

(c) Within five days of the District Court's Order, offer, in writing, immediate interim employment, in positions that are substantially similar to the ones they performed at Nova Place under the terms and conditions of employment set forth in the collective-bargaining agreement between Huber and the Union, to: Donte Battles, Charese Carter, Tyree Edwards, Derrick Gay, Terrell Grey, Ernest Herring, Mylon Johnson, Dianna Jones-Casey, Anthony Luster, Armando Navarro, Robert Oliver, Gary Pettus, Leo White, Tiani Wilson, and Michael Woodruff, displacing, if necessary, employees who would not have been hired in the absence of the Defendant's unlawful hiring practices. If, after displacing such employees, there are an insufficient number of positions for the above-named discriminatees, then the Defendant shall create a preferential hiring list and use it to fill positions as they become available;

(d) Upon the request of the Union, rescind any or all changes to the unit employees' terms and conditions of employment that the Defendant implemented on or after July 2, 2018;

(e) Within 10 days of the District Court's order: (i) hold one or more mandatory employee meetings, on working time and at times when the Defendant customarily holds employee meetings, scheduled to ensure the widest possible employee attendance, at which the Order will be read to the bargaining unit employees by a responsible official of the Defendant in the presence of a Board agent or, at the Defendant's option, by a Board agent in the presence

of a responsible Defendant official; (ii) announce the meeting(s) for the order reading in the same manner it would customarily announce a meeting of employees; and (iii) require that all unit employees attend the meeting(s);

  (f) Within five days of the District Court's Order, post copies of the District Court's Order at Nova Place in all locations where the Defendant's notices to employees are customarily posted and maintain during the pendency of the Board proceeding free from all obstructions and defacements; and

  (g) Within twenty (20) days of the issuance of this Order, serve upon the District Court, and submit a copy to the Regional Director of Region 6 of the Board, a sworn affidavit from a responsible official of the Defendant describing with specificity the manner in which the Defendant has complied with the terms of the Court's order, including the locations of the documents to be posted under the terms of the order.

Dated: February 22, 2019
   Pittsburgh, Pennsylvania

   Respectfully submitted,

   /s/ Julie Stern
   Julie R. Stern, Esq.
   Attorney for the Plaintiff
   PA ID 47833
   NATIONAL LABOR RELATIONS BOARD
   1000 Liberty Avenue, Room 904
   Pittsburgh, Pennsylvania 15222-4111
   Telephone: (412) 690-7121
   Facsimile: (412) 395-5986
   Julie.Stern@nlrb.gov

PETER ROBB
    General Counsel
JOHN KYLE
    Deputy General Counsel
SUZANNE DONSKY
    Acting Regional Attorney, Region Six

Attorneys for the Plaintiff
National Labor Relations Board, Region Six
1000 Liberty Avenue, Room 904
Pittsburgh, Pennsylvania 15222-4111
Telephone: (412) 395-4400